## OGLESBEE v. AMBROSE.

[75 South. 371, Division B.]

ACCOUNT. *Action. Evidence admissible under pleadings.*

> Where plaintiff sued for money advanced and material furnished
> to defendant at his request as shown by an itemized account at-
> tached to the declaration, and defendant filed a plea denying
> that he was indebted to plaintiff in the sum demanded or any
> part thereof and plaintiff's husband testified that he was superin-
> tending the erection of a building for defendant, that defendant
> needed money to meet a pay-roll, and that he obtained from his
> wife, the plaintiff, the money for this purpose at defendant's re-
> request, but the defendant testified that plaintiff's husband con-
> tracted to build the house for three thousand dollars, that when
> he had paid that amount he refused to make further payment and
> that the payments in question were made by plaintiff's husband
> from his own funds, such testimony was admissible under de-
> fendant's plea.

APPEAL from the circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Suit by Mrs. A. M. Oglesbee against J. N. Ambrose.
From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*J. A. Teat,* for appellant.

By referring to page 20 of the record in the con-
clusion of the statement of counsel for appellee, de-

fendant below, we note the gist of the defense as relied upon by the defendant in these words: "We wish to simply show that this was Mr. Oglesbee advancing this money out of his ordinary method of conducting his business and bank account."

As has been repeatedly said before there is no denial in the record of the fact that Mr. Ambrose, appellee, received the money of Mrs. Oglesbee, the appellant and plaintiff below. His entire defense is that the same was advanced by witness Oglesbee under a contract to build a house. This defense was not so pleaded.

Now let us for an instant take up the lumber account and look at it the same way. Would it be possible for Mr. Ambrose to deny liability as to the account for the lumber that he admits was used in building his house and on the same ground that he had contracted with witness Oglesbee to superintend the building of his house, and had a private agreement with Oglesbee, unknown to other creditors, that the house was not to cost over three thousand dollars. Bear in mind there is no evidence to show, that this knowledge of such secret agreement was carried to any persons furnishing materials, money or labor. This certainly cannot be done. But take one step further and tolerate this character of defense without pleading it. The injustice is apparent, it is glaring.

It is the undisputed evidence of the record that Ambrose paid for the material and labor up to the item of money sued for by Mrs. Oglesbee, who, in common with all others furnishing money, material or labor in building the house, was simply a creditor of Ambrose, appellee.

Counsel is therefore correct when he says that the plaintiff was entitled to a peremptory instruction on these facts. We therefore repeat his language: "What sort of a plea in confession and avoidance would it have been, to confess the indebtedness of one person and to have avoided it by setting up the failure of another

person to form a contract, when there was no other connection between the creditor and contractor than matrimony.''

It must follow, therefore, as night follows the day, that the defense interposed in this suit could not avail. It is no defense at all for appellee, Ambrose to interpose his secret agreement with his superintendent, the witness A. M. Oglesbee, as against the *bona-fide* creditors who furnished him money, material and labor in building his house. In the face of the sworn testimony of Ambrose that he paid for all materials ordered by his superintendent Oglesbee, except the item in suit, conclusively shows that Oglesbee was merely his agent in purchasing material and employing labor and the appellee Ambrose must be conclusively bound by his continued ratification of this relation with his contractor Oglesbee. Without notice of any of the creditors furnishing materials, money or labor, it is no defense for Ambrose now to contend that he had a secret agreement with his superintendent that the house should not cost over three thousand dollars and upon this pretext avoid liability for money, material or labor furnished in building the same. And this is true notwithstanding the fact that Ambrose got the money from Mrs. Oglesbee.

The verdict of the jury and the judgment of the court below should have been in favor of the plaintiff, appellant here and we, therefore, ask the court to reverse said cause and enter judgment final here as should have been done in the court below.

*Watkins & Watkins,* for appellee.

The first assignment of error, and proposition argued by appellant, is that the trial court permitted appellee over the objection of appellant, to offer evidence to establish a plea in confession and avoidance, when there was no such plea, or equivalent notice under the general issue.

Shipman in his text-book on common-law pleading, says pleading in confession and avoidance is admitting the truth of opposing allegations, and avoiding their legal effect by alleging other and inconsistent facts. A plea of self-defense in an action for damages for an assault and battery, or a plea of payment in an action for debt are examples.

The great trouble with the statement of facts by opposing counsel, is that it is made up from the testimony of his witness Oglesbee, without regard to the testimony of Mr. Ambrose, and without regard to the fact that the jury disbelieved Oglesbee and believed Ambrose.

What opposing counsel would distort into an admission or confession of the indebtedness to appellant by appellee, is the testimony of appellee on cross-examination. The fact that Mr. Ambrose did not know, and could not deny that Mr. Oglesbee used the money of Mrs. Oglesbee's in making the pay rolls, is far from his admitting or confessing that he owed Mrs. Oglesbee any money of hers, her husband may have so expended. In fact, there is nothing of an admission or confession about it.

If, therefore, there was no confession of the alleged indebtedness by appellee, there was no establishment of a plea, in confession and avoidance by appellee as contended by opposing counsel. But opposing counsel would supply us such an admission or confession by the testimony of his witness Oglesbee, who testified that Mr. Ambrose admitted to him that he owed the appellant the alleged indebtedness. But Mr. Ambrose specifically denied making any such admission. And besides, the defense proven by a defendant is to be determined by the evidence offered by the defendant, and not by evidence of the plaintiff in contradiction thereof.

What sort of a plea in confession and avoidance would it have been, to have confessed an indebtedness to one person and undertaking to avoid it by setting up the failure of another person to perform a contract,

when there was no other connection between the creditor and contractor than matrimony?

The burden of appellant's complaint under her first assignment of error, is, that she was not given notice as required by law, of affirmative matter which she says was introduced in evidence by appellee in defense of the action under the general issue plea. Her counsel says: ''She was a victim of a snare into whose hobble she was caught without notice.'' And her counsel devotes considerable time and space in citations from the authorities, that affirmative matter in defense of an action cannot be given in evidence under the general issue without notice thereof as required by the statute.

The statute provides that the defendant may, in all cases, plead the general issue and give written notice therewith of any special matter which he intends to give in evidence in bar of the action, and which he would be otherwise obliged to plead specially.

And when appellee took the stand, opposing counsel undertook to limit him in his testimony to merely denying that he told Oglesbee he was out of money, and to borrow some for him, appellant. Opposing counsel did not want appellee to tell the jury why he didn't tell Oglesbee to borrow money of appellant, and opposing counsel did not want appellee to tell the jury just what he did tell Oglesbee and why he told him what he did. No, he wanted to limit appellee to a denial of the authority of Oglesbee to borrow the money, and let the record stand, that the money went to pay laborers that appellee owed, as was testified by appellant's witness, Oglesbee, when as a matter of fact the appellee did not owe these laborers. The court can easily see what that would have meant when the jury came to determine between the veracity of appellant's witness, Oglesbee, and the veracity of the appellee, as to whether or not appellee authorized Oglesbee to borrow the money of appellant.

This testimony, therefore, which counsel for appellant denominates affirmative matter in defense in bar of the action, was not such. That appellee admitted, borrowing the money, it would not have barred the action for it. It was but an explanation as to why appellee did not ask Mr. Oglesbee to borrow money for him of appellant to pay the laborers that were working on appellee's house, which was for the good and sufficient reason that appellee did not owe them, and had told Oglesbee. the very man who testified for appellant, who was the contractor, that he, Oglesbee, would have to pay the laborers out of his own pocket, as he, appellee, was afraid to advance any more money to pay them for fear he would not keep within the contract price.

ETHRIDGE, J., delivered the opinion of the court.

Mrs. A. M. Oglesbee filed a declaration in the circuit court of Hinds county against J. H. Ambrose for two hundred forty-eight dollars and fifty-two cents for money advanced and material furnished to the said Ambrose at his request, as shown by itemized account attached to the declaration and marked Exhibit A. It is alleged that plaintiff had requested payment of the money, and that the defendant declined to pay it. Sworn itemized account is filed as Exhibit A to the declaration, which shows money paid to laborers for labor, with the exception of about six dollars, which seems to have been paid for express, and to Mrs. Ambrose. The defendant pleaded that he did not owe the sum of money demanded by plaintiff, or any part thereof, and a counter affidavit was filed denying the account attached to the declaration, and every item thereof. Mr. A. M. Oglesbee, husband of appellant, testified to the effect that he was employed to superintend the building of a residence for Ambrose, that Ambrose was to pay for the material and labor to build the house; that when the building was almost completed Ambrose told the witness that he (Ambrose) would have to get some

money to make the pay roll, and that Oglesbee told him Mrs. Oglesbee had some money, and that Mrs. Oglesbee, through the witness, A. M. Oglesbee, furnished the moneys to the amount sued for in the declaration to make the said pay roll. The defendant denied the contract claimed by Oglesbee, but claimed that Oglesbee contracted to build his house for three thousand dollars, and that he was to furnish money to this amount, and that when the contract alleged to be sued on was made he declined to pay any more, as the material charged to him absorbed the three thousand dollars, and that Oglesbee made the payment from his own funds, which were carried in Mrs. Oglesbee's name in the bank account. Ambrose's testimony was corroborated by his wife and son-in-law. The issue was submitted to the jury, and the jury found for the defendant.

It is contended here that the evidence offered by Ambrose was not authorized under the pleadings, but that it constituted matter in confession and avoidance, and should have been pleaded, so as to enable the plaintiff to meet this evidence; and that objections of the plaintiff to the evidence were reserved until the end of the trial, when the court overruled the objections and submitted the matter in issue to the jury, resulting in a verdict against the defendant which it is contended he could have obviated had the matter been properly pleaded. The declaration is very brief, and we think the plea of the defendants that they were not indebted as claimed in the declaration was sufficient pleading to admit in defense matter not of an affirmative nature. Plaintiff, to make out his case under the declaration, resorted to the evidence of the contract with reference to building the house, and defendants had a right to deny this proof and show what the real contract was according to their contention and understanding.

We think the issue was fairly submitted under the liberal instructions for plaintiff, and the judgment is affirmed.

*Affirmed*